UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN S. SOOS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04-CV-1424 CAS |
| | ) |
| ABM JANITORIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file an amended complaint. Defendant ABM Janitorial Services filed a memorandum in opposition to plaintiff's motion. For the following reasons, the Court will deny plaintiff's motion for leave to amend.

**I. Background**

Plaintiff John Soos, III, filed this action against ABM Janitorial Services alleging that the defendant discriminated against him on the basis of his disability in violation of the American with Disabilities Act, as amended, 42 U.S.C. § 12112 ("ADA"). Soos attached his charge of discrimination to the complaint, which alleged that he was regarded as being disabled, harassed, and discharged from employment. ABM filed an answer to plaintiff's complaint. On April 6, 2004, the Court notified plaintiff that he could not file an amended complaint without an accompanying motion for leave to amend the complaint. Then, on May 2, 2005, Soos filed a one-sentence document, titled "Motion for leave of court, motion for leave to file an amended complaint" with the amended complaint attached. ABM filed a memorandum in opposition stating that Soos's motion for leave to file an amended complaint did not comply with Federal Rule of Civil Procedure 7 because it does not

state with particularity the grounds for granting the motion and Soos's proposed amended complaint shows on its face that plaintiff has failed to state a claim on all twenty listed claims.

## II. Standard

After a responsive pleading to a complaint has been filed, a plaintiff may amend his complaint "only by leave of court or by written consent of the adverse party, and leave shall be freely given when justices so requires." FED. R. CIV. P. 15(a). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). There is no absolute right to amend, however, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." Becker v. University of Neb., at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (citations omitted.). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous. Whether to grant a motion for leave to amend is within the sound discretion of the court." Id. (citations omitted). It is well established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect. In re: Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000).

## III. Discussion

Soos's proposed amended complaint is vastly different from his original complaint. Soos asserts more than twenty new claims including claims under the First Amendment to the United States Constitution and civil rights statutes such as 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. Soos also cites several federal criminal statutes including, 18 U.S.C. §§ 666, 1341, 1343, 1513, 1518,

1519, 1347, and 1349. Finally, Soos alleges discrimination and retaliation in employment under 42 U.S.C. § 2000e, 12112, and 12203. The proposed amended complaint lists all of the above statutes and a few words describing each statute in parentheses.

ABM is correct that Soos's motion for leave to file an amended complaint does not state with particularity the grounds for making the motion as required under Rule 7. See FED. R. CIV. P. 7(b) (a motion shall be made in writing, shall set forth with particularity the grounds therefor, and shall set forth the relief or order sought). The Court notes that plaintiff filed the motion within the deadlines established in the Case Management Order of April 4, 2005. There is no evidence that the motion was filed in bad faith, with dilatory motive or undue delay. Therefore, although Soos should have filed a motion stating the reasons for filing an amended complaint, the Court will not deny the motion on this basis. In the future, however, when plaintiff files a motion he should state the reasons for the motion and the relief sought.

The Court is more concerned with plaintiff's compliance with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a), which governs pleading standards, requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), Fed. R. Civ. P. "This requirement means the complaint need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (internal citations omitted). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved. It is the facts well pleaded, not the theory of recovery or legal conclusion, that state a cause of action and put a party on notice." Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999) (internal quotations and citations omitted).

Plaintiff's complaint does not allege any factual basis for asserting these new claims. The proposed amended complaint does not give ABM any notice of the nature or grounds for an action against it under these statutes. These statutes and constitutional claims cover a wide range of areas and the lack of any factual allegations does not give ABM an indication of the type of litigation involved. The filing of this complaint would greatly prejudice ABM in preparing discovery and dispositive motions. Therefore, the Court will deny plaintiff's motion for leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a first amended complaint is **DENIED**. [Doc. 20]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED as moot**. [Doc. 19]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of May, 2005.